MERRITT, Circuit Judge,
concurring.
Independently of my colleagues who may not agree, I would also point out: There is a clear conflict between the lesser “foreseeability” requirement of the “relevant conduct” guideline and the more difficult requirement of knowledge and intent called for by the cases interpreting 18 U.S.C. § 2, the accomplice liability section of federal statutory law. Seventy-five years ago in United States v. Peoni, 100 F.2d 401, 402 (2d Cir.1938), Judge Hand held that accomplice liability for aiding and abetting a federal crime under § 2 requires that the defendant “in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed.” The federal courts have applied this standard for many years. The cases, as well as the Model Penal Code commentary, are collected in a comprehensive en banc opinion by the District of Columbia Court of Appeals. Wilson-Bey v. United States, 903 A.2d 818, 830-39 (D.C.2006) (en banc). But without referring to the federal statutory standard for accomplice liability promulgated by Congress, the federal courts of appeals seem to have consistently applied to the murder cross-reference enhancement the lesser “foreseeability” standard set out in the guidelines.[1]
*619 The United States Sentencing Commission has now apparently recognized the inconsistency between its “reasonable foreseeability” standard in § 1B1.3(a)(1)(B) and the Hand standard for accomplice liability articulated above where there is joint criminal conduct. On May 5, 2015, the Commission published in the Federal Register, 80 Fed.Reg. 25782-87, a new provision on “relevant conduct” in which it struck the language in § 1B1.3(a)(1)(B). It also struck the long note 2 of the accompanying commentary. The Commission struck from the guideline “all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity” and substituted language stating that accomplice liability is limited to the “scope” of the plan that the accomplice undertook to carry out. The new language promulgated by the Commission in U.S.S.G. § 1B1.3(a)(1)(B) is as follows: all acts and omissions of others that were—
(i) within the scope of the jointly undertaken criminal activity,
(ii) in furtherance of that criminal activity, and
(iii) reasonably foreseeable in connection with that criminal activity[.]
Notice of submission to Congress of amendments to the sentencing guidelines effective November 1, 2015, 80 Fed.Reg. 25782, 25783 (proposed May 5, 2015). This change is followed by a long explanation that accomplice liability is limited to the “criminal plan” undertaken, which may be different from one participant to another and different for individual parts of an overall conspiracy. Judge Nixon’s intuition that accomplice liability in this case should require “actual knowledge” anticipated the recent change in the relevant conduct section of the guidelines.

. See, e.g., United States v. Clay, 579 F.3d 919, 930 (8th Cir.2009) (“Section 2D 1.1(d) contains a cross reference that is applied when a victim is killed under circumstances that would constitute murder under 18 U.S.C. § 1111. The district court, applying principles of accomplice liability from Guidelines § 1B1.3, found Stovall responsible for the Johnson murder by a preponderance of the evidence and applied the § 2D 1.1(d) cross reference.... The government contends that it did not have to prove that Stovall solicited Johnson’s murder but only prove that the murder was a reasonably foreseeable act in relation to the Stovall drug enterprise. We agree and hold that the district court’s application of § 2D 1.1(d) did not violate Stovall's due process rights.”); United States v. Gamez, *619 301 F.3d 1138, 1148 (9th Cir.2002) (“That Gamez did not shoot Kirpnick does not foreclose application of U.S.S.G. § 2D1.1(d)(1)'s murder cross-reference. Neither U.S.S.G. § 2D1.1(d)(1), nor U.S.S.G. § 1B1.3(a)(1)(B) require a sentencing court to find that the defendant in fact committed murder in order to apply the cross-reference. All that they require is that the court find that murder occurred in the course of commission of a drug-related conspiracy and that it was rea-sonábly foreseeable and in furtherance of the conspiracy.”); United States v. Thompson, 286 F.3d 950, 959 (7th Cir.2002) (Where "th[e] additional Guideline [§ 1B1.3(a)(1)(B)] is in play, the question ... is whether it was reasonably foreseeable to Spradley, Jones, and White that Willis could be killed, with malice aforethought (premeditation), in furtherance of the conspiracy” in order for the § 2D1.1(d)(1) murder cross-reference to apply.) (emphasis in original).